OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable M.O. Flowers
Secretary of State
Austin, Texas

Dear Sir:                    Att'n:  Will Mann Richardson

Opinion No. O-2057
Re:  Does the purpose clause of Texas Gold-
en Glove Athletic Association come with-
in Subdiv. 2, Art. 1302, as an educational
and charitable organization, or within
Subdiv. 9, Art. 1302, as an innocent
sport?

Your recent request for an opinion of this department,
on the above stated question, has been received.

We quote from your letter as follows:

"We are in receipt of an application for a
charter for the Texas Golden Glove Athletic Associa-
tion.  The purpose of the corporation as set out in
the charter application is as follows:

"'This corporation is formed under the pro-
visions of subdivision 2 of Article 1302 of the Re-
vised Civil Statutes of Texas, 1925, and that the
broad purposes of the corporation are those of educa-
tion and charity.  The corporation shall engage in
enterprise in which it will seek to diffuse in the
minds of the people a devotion to the art of testing
of strength, the muscular development of the body,
the art of self-defense, devoid of the use of any
kind or description of weapon otherwise than the
human hand itself, and thus discourage the use and
application of firearms in personal disputes; and
also to provide for other innocent athletic sports
conducive to healthful development of the human
system, which shall be presented to the public for
its entertainment, instruction, edification, and en-
joyment.  All profits, if any, derived and to be
derived from the foregoing purposes and the execution
of same, shall be devoted to a public charity, to be
selected by the Board of Directors of the corporation,
and no gain or profit of any kind whatsoever shall be
used, received, kept or retained by the shareholders,
officers  or directors of the corporation.'

" * * * * * *

"The applicants for the charter point out that this organization will be conducted under the supervision of the American Athletic Union, generally identified as the A.A.U. * * * * * *"

The purposes for which private corporations may be formed in the state of Texas are enumerated in Article 1302, Vernon's Annotated Civil Statutes.

Sections 2 and 9 of said article read as follows:

"2. The support of any benevolent, charitable, educational or missionary undertaking. * * * *

"9. To support and maintain bicycle clubs, and other innocent sports. * * * *"

This department has, in the past, rendered many opinions upon the subject of educational and charitable corporations, to-wit:

Opinion by the Hon. Geo. E. Christian on December 18, 1925, found in the Reports of Opinions, 1924-26, P. 222;

Opinion by the Hon. Rice M. Tilly on March 18, 1930, No. 310 at p. 768;

Opinion by the Hon. A.R. Stout on December 4, 1933, No. 352 at p. 395;

Opinion No. 0-1171;

Opinion No. 0-747;

and other opinions too numerous to mention.

Referring to the opinion of the Honorable George E. Christian, supra, the writer says that:

"The function expressed by a corporation will determine its character."

An educational corporation exercises functions that primarily relate to the giving of instructions in useful and recognized subjects. The fact that educational benefits may be derived incidental to the functioning of the corporation is not sufficient to authorize the creation under a statute dealing with the educational undertaking. We refer to the case of In Re De Peyster's Estate, 104 N.W. 174, and quote from the case as follows:

"a corporation or association organized exclusively for scientific, literary, library, patriotic, or historical purposes, or for any one of such purposes, is

necessarily to some extent educational in its nature, and in the results obtained from such organizations. An exclusively historical society does not gather books, manuscripts, prictures, and antiquities simply to hoard them. Its purpose is not alone to discover and preserve things and facts of historical value, but to keep and record them that they may be seen, read and studied, that greater knowledge may be attainedfrom it. The Legislature, in including educational corporations and associations in the first part of the statute quoted, intended corporations or associations engaged in something more than incidental education, which is necessarily derived from corporations organized exclusively for scientific, literary, library, patriotic, or historical pruposes."

In an opinion of this department by the Honorable T. C. Taylor, March 26, 1919, it was said that:

"A corporation chartered as an educational undertaking is by force of the law a strictly educational -institution."

The opinions of this department on this particular subject have unanimously held that to be an educational or a charitable corporation, a corporation must have for its primary purpose the giving of instructions in some recognized field of knowledge, or must have for its primary purpose some charitable undertaking.

We believe that no additional authorities are necessary to demonstrate the lack of the proposed purpose of the above mentioned applicant to fall within the intention of the Legislature in authorizing the chartering of an educational or charitable corporation.

The main purpose of the above proposed corporation is the encouragement of boxing, and also to provide for other innocent athletic sports conducive to helpful development of the human system, all of which, shall be presented to the public for its entertainment, instructions, enjoyment, etc.

In view of the foregoing you are respectfully advised that it is the opinion of this department that the Texas Golden Glove Athletic Association, if incorporated, should be incorporated under Subsection 9 of Article 1302, supra, and that such corporation would be subject to the filing fees as provided by Article 3914, Vernon's Annotated Civil Statutes, and also subject to the franchise tax as required by law.

Trusting that the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams

AW:ob:wc


APPROVED JUNE 19, 1940
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS


Approved Opinion Committee by s/BWB Chairman